IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARY LONG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:21-CV-223-M-BR |
| | § | |
| MANJINDER SINGH and JACKPOT EXPRESS, INC., | § | |
| | § | |
| Defendants. | § | |

## ORDER TO PROPERLY ALLEGE CITIZENSHIP

Defendant Jackpot Express, Inc.'s First Amended Notice of Removal, filed December 28, 2021, appears to predicate subject matter jurisdiction upon diversity of citizenship, 28 U.S.C. § 1332, but fails to properly allege Plaintiff's citizenship for the following reason:

☐ Failure to distinctly and affirmatively allege parties' citizenship as opposed to pleading parties' citizenship "on information and belief." *See Pennie v. Obama*, 255 F. Supp. 3d 648, 671 (N.D. Tex. 2017).

☒ Failure to allege individual's citizenship as opposed to state of residency. *See Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399 (1925) (allegations of residency, rather than of citizenship, are inadequate to invoke court's jurisdiction).

☐ Failure to allege corporation's state of incorporation. *See Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983) (holding that "a complaint properly asserting diversity jurisdiction must state both the state of incorporation *and* the principal place of business of each corporate party").

☐ Failure to allege corporation's principal place of business. *See id.*

☐ Failure to allege citizenship of all members of limited liability company <u>at the time of removal</u>; citizenship (not residency) of individual members of the limited liability company must be pleaded pursuant to the above rule, and members that are business entities must be pleaded pursuant to the respective rules provided in this order. *See Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) ("A [removing] party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership

      involved in a litigation [at the time of removal]."); *see also Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members."); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company[.]").

☐   Failure to allege citizenship (not residency) of all limited partners of a limited partnership. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

☐   Failure to identify and plead citizenship (not residency) of each trustee of a trust. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464-65 (1980) (the citizenship of a trust is based on each trustee who is a real party in interest).

☐   Failure to plead the state in which a national bank's main office is located. *See* 28 U.S.C. § 1348; *see also Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located.").

☐   Failure to plead the citizenship (not residency) of each of an unincorporated insurance association's underwriters. *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993).

☐   Failure to distinctly and affirmatively allege Defendant's citizenship (not residency). *See Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (holding that allegation that defendant was not citizen of particular states did not establish citizenship for diversity purposes).

☐   Failure to allege that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

Defendant shall comply with any unmarked requirement listed above that becomes applicable in the course of curing the deficiencies marked above. Additionally, Defendant shall specifically plead the name and citizenship of every member of every LLC or partnership involved in this action, whether the LLC or partnership is a party, member of a party, or member of a party's member, and so on. In doing so, Defendant shall follow the requirements listed above. The Court will not accept general statements such as "all members of the LLC are citizens of Texas." With

respect to any trust or unincorporated association of underwriters involved in this action, Defendant shall also specifically plead the name and citizenship of each trustee who is a real party in interest or underwriter.

Until Defendant properly alleges Plaintiff's citizenship, this Court is not shown to have subject matter jurisdiction. *See Am. Motorists Ins. Co. v. Am. Emp'rs' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979) (per curiam). Accordingly, no later than twenty-one (21) days from the date of this Order, Defendant must file an amended notice of removal that alleges diversity of citizenship in conformity with 28 U.S.C. § 1332; otherwise, this action may be remanded to state court.

The Court has not specifically evaluated whether the notice of removal complies with Northern District of Texas Local Rule 81.1. If Defendant is satisfied that the notice of removal complies with Rule 81.1 and that additional documents are unnecessary to address the defect identified in this Order, the amended notice of removal required by this Order need not also contain the documents required by Rule 81.1.

IT IS SO ORDERED.

ENTERED December 29, 2021.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE